## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ARTHUR IKEBUDU | ) |
|     Plaintiff, | ) Case No: 1:19-CV-04529 |
| | ) |
| v. | ) Hon. Thomas M. Durkin |
| | ) |
| CAINE & WEINER COMPANY, LLC, ET AL. | ) |
|     Defendant. | ) |

## ANSWER

Now comes Defendant Caine & Weiner Company, LLC ("Defendant"), by and through legal counsel and for its answer to Plaintiff's Arthur Ikebuduw ("Plaintiff") complaint states as follows:

### Jurisdiction and Venue

1. Defendant admits each and every allegation contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

### Parties

3. Defendant admits each and every allegation contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant submits that the allegations contained in Paragraph 4 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

5. Defendant admits each and every allegation contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant submits that the allegations contained in Paragraph 6 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

7. Defendant admits each and every allegation contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant submits that the allegations contained in Paragraph 8 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

9. Defendant admits each and every allegation contained in Paragraph 9 of Plaintiff's Complaint.

## Factual Allegations

### I. As to Caine & Weiner Company, LLC

10. Defendant submits that the allegations contained in Paragraph 10 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

11. Defendant admits each and every allegation contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits each and every allegation contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits each and every allegation contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. Defendant denies each and every allegation contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies each and every allegation contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that Plaintiff communicated that he believed the debt was not owed but denies the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant submits that the allegations contained in Paragraph 22 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

23. Defendant admits that the statute quoted by Plaintiff reads as typed in Paragraph 23 of Plaintiff's Complaint.

24. Defendant admits each and every allegation contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that the statute quoted by Plaintiff reads as typed in Paragraph 26 of Plaintiff's Complaint.

27. Defendant denies each and every allegation contained in Paragraph 27 of Plaintiff's Complaint.

## Unfair Practices

28. Defendant admits that the statute quoted by Plaintiff reads as typed in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies each and every allegation contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies each and every allegation contained in Paragraph 30 of Plaintiff's Complaint.

31.  Defendant denies each and every allegation contained in Paragraph 31 of Plaintiff's Complaint.

## II.     As to Experian Information Services, LLC

32. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT
### CAINE & WEINER COMPANY

44. Paragraph 44 is a summary paragraph and therefore no response is necessary.

45. Defendant submits that the allegations contained in Paragraph 45 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

46. Defendant denies each and every allegation contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendant denies each and every allegation contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies each and every allegation contained in Paragraph 48 of Plaintiff's Complaint.

## COUNT II-FAIR CREDIT REPORTING ACT
## CAINE & WEINER COMPANY

49. Paragraph 49 is a summary paragraph and therefore no response is necessary.

50. Defendant denies each and every allegation contained in Paragraph 50 of Plaintiff's Complaint.

51. Defendant denies each and every allegation contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies each and every allegation contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies each and every allegation contained in Paragraph 53 of Plaintiff's Complaint.

54. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 54 of Plaintiff's Complaint and therefore denies the same.

55. Defendant denies each and every allegation contained in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies each and every allegation contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies each and every allegation contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant admits each and every allegation contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies each and every allegation contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant submits that the allegations contained in Paragraph 60 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

61. Defendant submits that the allegations contained in Paragraph 61 of Plaintiff's Complaint are legal conclusions for which no response is necessary.

62. Defendant denies each and every allegation contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies each and every allegation contained in Paragraph 63 of Plaintiff's Complaint.

### COUNT III-FAIR CREDIT REPORTING ACT
### EXPERIAN INFORMATION SERVICES, LLC

64. Paragraph 64 is a summary paragraph and therefore no response is necessary.

65. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 65 of Plaintiff's Complaint and therefore denies the same.

66. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 66 of Plaintiff's Complaint and therefore denies the same.

67. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 67 of Plaintiff's Complaint and therefore denies the same.

68. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 68 of Plaintiff's Complaint and therefore denies the same.

69. Defendant is without sufficient information as to the truth or veracity of the allegations contained in Paragraph 69 of Plaintiff's Complaint and therefore denies the same.

### FIRST AFFIRMATIVE DEFENSE

70. Plaintiff's Complaint fails to state a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

71. Plaintiff's by their own acts and omissions have waived any and all of their alleged rights to pursue the claims raised in the Complaint against Defendant.

### THIRD AFFIRMATIVE DEFENSE

72. Plaintiffs' by their own acts and omissions are barred from pursuing the claims raised in the Complaint against Defendant by the equitable doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

73. Plaintiff's are barred from recovery because allowing recovery would result in Plaintiffs unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE

74. Defendant submits that any violation found to have occurred was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### SIXTH AFFIRMATIVE DEFENSE

75. Plaintiffs' prosecution of this action is in bad faith.

### EIGHTH AFFIRMATIVE DEFENSE

76. Plaintiff's are estopped from asserting each and every claim for relief contained in the Complaint and such estoppels bar Plaintiff's from obtaining any recovery, equitable or otherwise, sought in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

77. Plaintiff has failed to assert any allegations as to a proper party Defendant.

## TENTH AFFIRMATIVE DEFENSE

78. Defendant alleges that Plaintiffs' have failed to describe the claims for relief with sufficient particularity so as to enable this Defendant to reserve the right to amend and/or supplement the averments of this Answer and Affirmative Defenses, and raise and assert all pertinent defenses ascertained through investigation, and after discovery has begun and additional facts and information become available.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice;
2. For attorney's fees to the extent permitted by law;
3. For costs incurred herein; and
4. For such other and further relief as this Court deems just and proper.

                              Respectfully submitted,

                              By: _ /s/ John S. Pucin
                              Attorney for Defendant Caine & Weiner Company, LLC

Illinois ARDC No. 6271691
1699 E. Woodfield Rd., Suite 360 A
Schaumburg, IL 60173
(847) 407-2669 ph
(866) 519-1984 fax
john.pucin@caine-weiner.com

## CERTIFICATE OF SERVICE

I, John S. Pucin, an attorney, certify that I served a copy of Defendant's Answer to Plaintiff's Complaint on the following persons via email on:

Bryan Paul Thompson
Chicago Consumer Law Center, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

Steve J. Uhrich
Ulrich Law, P.C.
1 N. State Street, Suite 1500
Chicago, IL 60602
steve@uhrichlawpc.com

Jules Harrison Cantor
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601
jcantor@jonesday.com


                                                                   By: /s/ John S. Pucin
                                                                     Attorney for Defendant